Honorable Jerry Bookout State Senator P. O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the application of Ark. Stat. Ann. 19-1603 (Repl. 1980). A 39 year old former employee of the Jonesboro Fire Department would like to take the civil service examination in order to be rehired in the Department.
The pertinent portion of the first rule set forth in 19-1603 states as follows:
 [No] person shall be eligible for appointment to any position on the fire department who has not arrived at the age of 21 or who is over 31 years of age. . . .
The foregoing language would seem to bar the former employee from being rehired as a fireman. However, the preamble to the rules set out in 19-1603 states:
 The Board of Civil Service Commissioners herein provided shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities, and said rules and regulations shall have the same force and effect of law.
Such language suggests that the Board of Civil Service Commissioners may exercise a degree of discretion in certain instances. In Connor v. Ricks, 213 Ark. 768, 212 S.W.2d 552
(1948) the Arkansas Supreme Court recognized that a civil service commission may exercise a degree of discretion and upheld the appointment of a Hot Springs Police Chief who did not meet the qualifications required of others but who was deemed to be the best applicant available. It was shown in Connor v. Ricks, that the appointee possessed "peculiar or exceptional qualifications of a scientific, professional or expert character."
Before the Jonesboro Civil Service Commission chooses to accept the former employee's application it should determine whether he possesses certain expertise that sets him apart from the other applicants.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General E. Jeffery Story.